UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORRIS L. JACKSON,

                Petitioner,                Case No. 1:07-cv-154

v.                                            Honorable Wendell A. Miles

PATRICIA CARUSO,

                Respondent.
_____/

## REPORT AND RECOMMENDATION

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed for failure to raise a meritorious federal claim.

**Discussion**

I.   Factual allegations

Petitioner is incarcerated in the Oaks Correctional Facility. He alleges that the Michigan Department of Corrections has a policy or expectation that their hearing officers will not find more than 10% of the prisoners who appear before them not guilty of misconduct. Plaintiff claims that hearing officers who exceed a 10% not-guilty rate are subject to discipline and termination. Petitioner alleges that this pressure from the MDOC on its hearing officers prevented him from having a fair and impartial disciplinary hearing in violation of his due process rights. He maintains that he was deprived of good time as the result of misconduct convictions rendered by partial hearings officers. Plaintiff, however, does not make specific allegations regarding a particular misconduct convictions that he received. For relief, Petitioner seeks expungement of his misconduct convictions, restoration of his lost good time credits and transfer to a lower security level.

II.   Merits

In *Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974), the Supreme Court held that inmates facing a loss of good-time credits arising from disciplinary charges for misconduct must be given advance notice of the charges, the opportunity for an evidentiary hearing, a decision by an impartial tribunal, and a written statement as to the evidence relied on and reasons for the disciplinary action. However, neither *Wolff* nor any other Supreme Court case has "precisely outlined the definition of an 'impartial decision maker'" for purposes of a prison disciplinary hearing. *See Hoskins v. McBride,* 202 F. Supp.2d 839, 846-47 (N.D. Ind. 2002). "The degree of impartiality of prison officials does not rise to the level of judges generally. It is well recognized that prison disciplinary hearing officers are not held to the same standard of neutrality as adjudicators in

other contexts." *Allen v. Cuomo,* 100 F.3d 253, 259 (2d Cir. 1996); *See also Madera v. Goord,* 103 F. Supp.2d 536, 540 (N.D.N.Y. 2000). The standard of impartiality enunciated in *Wolff* requires that a prison disciplinary hearing officer "not be so insufficiently impartial as to present a 'hazard of arbitrary decision making.'" *Black v. Selsky,* 15 F. Supp.2d 311, 317 (W.D.N.Y. 1998). Therefore, an impartial decision maker, for purposes of a prison disciplinary hearing, "is one who, *inter alia,* does not prejudge the evidence and who cannot say . . . . how he would assess evidence he has not yet seen." *Patterson v. Coughlin,* 905 F.2d 564, 570 (2d Cir. 1990).

To prove bias in an administrative adjudication, a party "must overcome a presumption of honesty and integrity in those serving as administrators." *See Withrow v. Larkin,* 421 U.S. 35, 47 (1975). The burden of overcoming the presumption of impartiality can only be accomplished with "convincing evidence that a risk of actual bias or prejudgment is present." *Navistar Int'l Transp. Corp. v. E.P.A.,* 941 F.2d 1339, 1360 (6th Cir. 1991). Any alleged bias or prejudice on the part of a decision maker "must be evident from the record and cannot be based on speculation or inference." *Id.* Bare assertions of bias and prejudgment will not support a prisoner's claim that he was denied an impartial prison disciplinary hearing. *See Allen,* 100 F.3d at 260.

In support of his claim that his prison disciplinary hearing officer was not impartial, Petitioner points to the Sixth Circuit's decision of *Perry v. McGinnis,* 209 F.3d 597, 600 (6th Cir. 2000), which involved a lawsuit by a former MDOC hearing officer who claimed that his employment with the MDOC had been terminated because of his race and in retaliation for exercising his First Amendment rights. The plaintiff in *Perry* alleged that he had been disciplined by his superiors because his not guilty/dismissal rate was 17-18%, above the institutional standard of 10%. The plaintiff further alleged that the MDOC was demanding that its hearing officers find

90% of the inmates who appeared before them guilty. *Id.* at 605-06.

However, as this Court noted in *Heit v. Van Ochten,* 126 F. Supp.2d 487, 493 (W.D. Mich. 2001), the Sixth Circuit did not grant a judgment for the plaintiff in *Perry,* but merely reversed the defendants' motion to dismiss and remanded the case to the federal district court for trial. The Sixth Circuit's remand did not mean that the plaintiff would succeed on the merits or that the district court would find that the MDOC practices violated the prisoners' constitutional rights. *Id.* The Sixth Circuit never actually found in *Perry* the existence of the quota system alleged by petitioner. Moreover, such a finding was never made by the federal district court on remand, because the parties in *Perry* stipulated to the dismissal of the plaintiff's action with prejudice after the matter was remanded to the district court. *Perry v. McGinnis,* No. 96-cv-71373-DT (E.D. Mich. March 19, 2001) (Duggan, J.). Finally, the allegation in the *Perry* case involved the plaintiff hearing officer's employment with the MDOC between 1988 and 1993. Petitioner does not allege that his misconduct convictions occurred during that time frame. Assuming that such a quota system existed with the MDOC between 1988 and 1993, there is no evidence that such a system was in place at the time of Petitioner's misconduct hearing.

In the present case, Petitioner's unsupported allegation that MDOC hearing officers were required to find prisoners guilty in 90% of the misconduct cases is insufficient to overcome the presumption that such hearing officers discharged their duties with honesty and integrity. *See Snell v. Jackson*, No. 04-73883-DT, 2006 WL 212025, at *3 -5 (E.D. Mich. Jan. 25, 2006)*; see also Higgason v. Lemmon,* 6 F. App'x 433, 435 (7th Cir. 2001) (prisoner's unsupported allegation that chairman of prison disciplinary board was not impartial decision maker because he had been ordered by higher-ranking prison official to find prisoner guilty was insufficient to overcome presumption

that board members properly discharged their duties).  Moreover, assuming the existence of such a quota system, this would be insufficient to establish that the hearing officer in Petitioner's case had prejudged his case or had already formed an opinion on petitioner's guilt prior to hearing the evidence.  Petitioner, in fact, has presented no evidence that the hearing officer in his misconduct case exhibited any bias towards him or prevented him from having a fair hearing. Because Petitioner's allegation of bias is conclusory or unsupported, he is not entitled to habeas relief on his claim.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because Petitioner fails to raise a meritorious federal claim.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).

Date:  June 13, 2007                                                             /s/ Ellen S. Carmody
                                                                                          ELLEN S. CARMODY
                                                                                          United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).