UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORRIS L. JACKSON named as
Corris L. Jackson-El,

       Petitioner,

v.                                                         Case No. 1:07-cv-154

                                                           Hon. Wendell A. Miles

PATRICIA L. CARUSO and
CINDI S. CURTIN,

       Respondents.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

On June 13, 2007, Magistrate Judge Ellen S. Carmody issued a report and recommendation to dismiss Petitioner's petition for writ of habeas corpus for failure to raise a meritorious federal claim. Petitioner has filed objections to the report and recommendation. For the reasons that follow, the court overrules Petitioner's objections and adopts the Magistrate Judge's report and recommendation.

This court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1)(B). The court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. Id.

Petitioner alleges that the Michigan Department of Corrections has a practice and custom of conducting unconstitutional disciplinary hearings for the reason that policy mandates that hearing officers find ninety percent of the prisoners guilty. For relief, Petitioner asks that his misconduct record be expunged, his disciplinary credits restored, and that he be transferred to a lower security level.

The Magistrate Judge concluded that Petitioner's unsupported allegations failed to satisfy his burden of overcoming the presumption that hearing officers discharge their duties with honesty and integrity. See Schweiker v. McClure, 456 U.S. 188, 196-97 (1982) (holding that courts "must start [] from the presumption that hearing officers . . . are unbiased"); Navistar Int'l Transp. Corp. v. E.P.A., 941 F.2d 1339, 1360 (6th Cir. 1991). Petitioner objects, contending that his claim is based upon newly discovered evidence consisting of affidavits and depositions of hearing officers and prison officials. Petitioner, however, did not attach these documents to his petition for writ of habeas corpus or to his objections to the report and recommendation. Moreover, he did not identify the date that the depositions were taken or the affidavits executed. He, however, did state in his complaint that he was relying on depositions and other pleadings in Perry v. McGinnis, 209 F.3d 597 (6th Cir. 2000) and Heit v. Van Ochten, 126 F.Supp.2d 487, 493 (W.D. Mich. 2001).

As the Magistrate Judge noted, the Perry case involved events that occurred between 1988 and 1993. The Heit case was filed in 1996. Heit, 126 F.Supp.2d at 488. If the depositions and affidavits Petitioner refers to were produced in the Perry and Heit case, they relate to the situation that existed between 1988 and 2001, when Heit was settled. They are not relevant to the situation after that time. The "presumption of impartiality can be overcome only with convincing evidence that 'a risk of actual bias or prejudgment is present." Navistar, 941 F.2d at1360 (citing Schweiker at 196). In order to show that a decision maker is biased, the bias must be evident from the record and cannot be based upon speculation or inference. Id. An unfavorable decision, standing alone, is insufficient to support a claim of prejudice or bias on the part of a decision maker. Id. Petitioner has made no allegations specifically in regard to his own

2

misconduct hearings, including the nature of his misconduct or the dates when the hearings occurred. There are no factual allegations demonstrating that, but for the alleged quota policy, he would have been found not guilty. Because Plaintiff's claim is unsupported by relevant factual allegations, habeas relief is not warranted.

## Conclusion

The court, having reviewed the Magistrate Judge's report and recommendation, the relevant portions of the case file, and Petitioner's objections, finds that the Magistrate Judge has made a thorough and accurate review of all appealable issues and agrees with the reasoning and recommended disposition contained in the Report and Recommendation.

Accordingly, the court OVERRULES Petitioner's objections (docket. # 23), ADOPTS the Magistrate Judge's Report and Recommendation (docket # 17), and DISMISSES the petition.

So ordered this 17th day of December, 2007.

/s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge